## S02A0673. THE STATE v. BECK.
### (572 SE2d 626)

HINES, Justice.

The State appeals from the grant of Beck's general demurrer challenging the constitutionality of OCGA § 40-6-391 (a) (2). See OCGA § 5-7-1 (a) (1). We reverse.

Beck was arrested for driving under the influence of drugs and possession of marijuana. OCGA §§ 40-6-391 (a) (2) and 16-13-2. He filed a general demurrer challenging the constitutionality of OCGA § 40-6-391 (a) (2), arguing that in light of this Court's decision in *Love v. State*, 271 Ga. 398 (3) (517 SE2d 53) (1999), OCGA § 40-6-391 (a) (2) must be considered unconstitutional as a violation of equal protection. The trial court accepted that argument and granted the demurrer.

The gravamen of Beck's general demurrer is that the statutory scheme produces disparate treatment between those who are charged with driving under the influence of a drug in violation of OCGA § 40-6-391 (a) (2), whom the State must prove to be "less safe to drive," and those charged with driving under the influence of a legally-possessed drug in violation of OCGA § 40-6-391 (b), whom the State must prove have been "rendered incapable of driving safely." However, in the recent case of *State v. Kachwalla*, 274 Ga. 886 (561 SE2d 403) (2002), this Court addressed the same argument grounded in *Love*, supra, and found that " 'less safe to drive' and 'rendered incapable of driving safely' set the same standard of impairment necessary to establish that a driver is driving under the influence of alcohol or other intoxicating substance. . . ." *Kachwalla*, supra at 890. Thus, there is no disparity in the treatment of those charged under the two different Code subsections, and here, as in *Kachwalla*, "the trial court erred when it concluded that OCGA § 40-6-391 (a) (2) violates the equal protection clauses of the U. S. and Georgia constitutions." Id. See also *State v. Pittmon*, 275 Ga. 139 (562 SE2d 185) (2002).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 12, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellant.
*Clark & Towne, Wystan B. Getz*, for appellee.